IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FRANKLIN C. SMITH,

      Plaintiff,

v.                                                                                  No. 2:23-cv-00129-JHR

FNU COOK,
FNU HAYDEN,
JORDIN JONES, and
FNU SCOTT,

      Defendants.

**ORDER GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS* AND
ORDER FOR AMENDED COMPLAINT**

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Complaint for Violation of Civil Rights, Doc. 1, filed February 10, 2023, and Plaintiff's Application to Proceed in District court Without Prepaying Fees or Costs, Doc. 2, filed February 10, 2023.

**Application to Proceed *in forma pauperis***

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 Fed.Appx. 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962). "The statute [allowing a litigant to proceed *in forma pauperis*] was intended

for the benefit of those too poor to pay or give security for costs...." *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 344 (1948). While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Id.* at 339.

The Court grants Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs. Plaintiff signed an affidavit stating he is unable to pay the costs of these proceedings and provided the following information: (i) Plaintiff's average monthly income amount during the past 12 months is $0.00; (ii) Plaintiff has $0.00 in cash and no funds in bank accounts; and (iii) Plaintiff is disabled, homeless and his disability funds are exhausted within one week due to motel expenses. The Court finds that Plaintiff is unable to pay the costs of this proceeding because he signed an affidavit stating he is unable to pay the costs of this proceeding and because of his low monthly income.

**The Complaint**

Defendants are officers of the Farmington Police Department. *See* Complaint at 2-3. Plaintiff was arrested on January 26, 2023, apparently for shoplifting. *See* Complaint at 4, 7. Plaintiff alleges:

> [Defendant] Scott sought Plaintiff out with his squad car in (2005) jumped out and threw him to the pavement and started punching me in the head, so when I got out jail, Plaintiff herein went to the San Juan Regional Medical Center to obtain a medical assessment from those injuries sustained by Officer Scott, however, he was notified by one of his relatives working in the hospital and he physically twisted my arm and bent my wrist and threaten to kill Plaintiff if he ever comes back to the hospital depriving me care.
> ....
>
> Because Plaintiff had two recent encounters with Officer Scott in (January 2023) resulting in Plaintiff being arrested by the defendant officials on (January 26th 2023) coordinated by Scott the statue of the limitations are reinstated due to the fact

> that the abuse by agent Scott is indeed still ongoing while he employs officers and informants to cause harm upon me.
> ....
>
> All defendants were causally connected due to Officer Scott their supervisor whom operates the informant system engendering crimes upon innocent citizens breeding corruption ... Plaintiff submitted internal complaints upon Officer Cook and Officer Ahlgrim for constitutional deprivation on or about the (9th day of January 2023) as well as seeking federal charges against the same officer who assaulted me 18 yrs. Prior to these new claims arising.
> ....
>
> On (January 26th 2023) Officer Scott in plain clothes and a plain old white compact car cornered me in a parking lot accusing me of taking a green bag of chips ... he drove the car in the other direction contacting the defendants to stop and harass the plaintiff in reprisal cause by my valid and legitimate complaints upon him.
> ....
>
> Officer Cook, due to his lack of or no training in the law 'horrifyingly' believes under Scott's supervision that he too can retaliate upon Plaintiff after "recently" submitting a valid & legitimate internal affairs complaint.
> ....
>
> Hayden is a proper defendant due to him initiating the trifle arrest and wrongfully outweighing his compassion (pity) officer Cook.

Complaint at 3-5.

The Complaint fails to state a claim upon which relief can be granted. Plaintiff fails to state with any particularity what each Defendant did to each Plaintiff, when the Defendants committed these alleged unspecified actions, or how those actions harmed each Plaintiff. *See Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated."). Vague, conclusory allegations such as Defendant "retaliated," "harassed" or "caused harm to" Plaintiff are not sufficient. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("conclusory allegations

without supporting factual averments are insufficient to state a claim on which relief can be based").

**Proceeding *in forma pauperis***

Plaintiff is proceeding *in forma pauperis*.  The statute governing proceedings *in forma pauperis* states "the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2); *see also Webb v. Caldwell*, 640 Fed.Appx. 800, 802 (10th Cir. 2016) ("We have held that a pro se complaint filed under a grant of *ifp* can be dismissed under § 1915(e)(2)(B)(ii) for failure to state a claim ... only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend").

While the Complaint can be dismissed under § 1915(e)(2)(B)(ii) for failure to state a claim, it is not obvious that it would be futile to give Plaintiff an opportunity to amend.

**Service on Defendants**

Section 1915 provides that the "officers of the court shall issue and serve all process, and perform all duties in [proceedings *in forma pauperis*]").  28 U.S.C. § 1915(d).  The Court will not order service at this time because the Complaint fails to state a claim upon which relief may be granted.  The Court will order service if: (i) Plaintiff files an amended complaint that states a claim over which the Court has subject-matter jurisdiction; and (ii) files a motion for service which includes the address of each Defendant.

**Case Management**

> Generally, *pro se* litigants are held to the same standards of professional responsibility as trained attorneys.  It is a *pro se* litigant's responsibility to become familiar with and to comply with the *Federal Rules of Civil Procedure* and the *Local Rules of the United States District Court for the District of New Mexico* (the "Local Rules").

Guide for Pro Se Litigants at 4, United States District Court, District of New Mexico (November 2019).  The Local Rules, the Guide for Pro Se Litigants and a link to the Federal Rules of Civil Procedure are available on the Court's website:  http://www.nmd.uscourts.gov.

**IT IS ORDERED** that

(i) Plaintiff's Application to Proceed in District court Without Prepaying Fees or Costs, Doc. 2, filed February 10, 2023, is **GRANTED.**

(ii) Plaintiff shall, within 21 days of entry of this Order, file an amended complaint. Failure to timely file an amended complaint may result in dismissal of this case.

_____
**UNITED STATES MAGISTRATE JUDGE**