IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FRANKLIN C. SMITH,

      Plaintiff,

v.    No. 2:23-cv-00129-MLG-JHR

FNU COOK,
FNU HAYDEN,
JORDIN JONES, and
FNU SCOTT,

      Defendants.

### MEMORANDUM OPINION AND ORDER OF DISMISSAL

Plaintiff, who is proceeding *pro se*, filed a Complaint for Violation of Civil Rights. *See* Doc. 1, filed February 10, 2023 ("Complaint"). Defendants are officers of the Farmington Police Department. *See* Complaint at 2-3. Plaintiff was arrested on January 26, 2023, apparently for shoplifting. *See* Complaint at 4, 7. Plaintiff alleges:

> [Defendant] Scott sought Plaintiff out with his squad car in (2005) jumped out and threw him to the pavement and started punching me in the head, so when I got out jail, Plaintiff herein went to the San Juan Regional Medical Center to obtain a medical assessment from those injuries sustained by Officer Scott, however, he was notified by one of his relatives working in the hospital and he physically twisted my arm and bent my wrist and threaten to kill Plaintiff if he ever comes back to the hospital depriving me care.
> ....
>
> Because Plaintiff had two recent encounters with Officer Scott in (January 2023) resulting in Plaintiff being arrested by the defendant officials on (January 26th 2023) coordinated by Scott the statute of the limitations are reinstated due to the fact that the abuse by agent Scott is indeed still ongoing while he employs officers and informants to cause harm upon me.
> ....
>
> All defendants were causally connected due to Officer Scott their supervisor whom operates the informant system engendering crimes upon innocent citizens breeding corruption ... Plaintiff submitted internal complaints upon Officer Cook and Officer

> Ahlgrim for constitutional deprivation on or about the (9th day of January 2023) as well as seeking federal charges against the same officer who assaulted me 18 yrs. Prior to these new claims arising.
> ....
>
> On (January 26th 2023) Officer Scott in plain clothes and a plain old white compact car cornered me in a parking lot accusing me of taking a green bag of chips ... he drove the car in the other direction contacting the defendants to stop and harass the plaintiff in reprisal cause by my valid and legitimate complaints upon him.
> ....
>
> Officer Cook, due to his lack of or no training in the law 'horrifyingly' believes under Scott's supervision that he too can retaliate upon Plaintiff after "recently" submitting a valid & legitimate internal affairs complaint.
> ....
>
> Hayden is a proper defendant due to him initiating the trifle arrest and wrongfully outweighing his compassion (pity) officer Cook.

Complaint at 3-5.

United States Magistrate Judge Jerry H. Ritter notified Plaintiff that the Complaint failed to state a claim upon which relief can be granted and stated:

> Plaintiff fails to state with any particularity what each Defendant did to each Plaintiff, when the Defendants committed these alleged unspecified actions, or how those actions harmed each Plaintiff. *See Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated."). Vague, conclusory allegations such as Defendant "retaliated," "harassed" or "caused harm to" Plaintiff are not sufficient. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based").

Order Granting Motion to Proceed *In Forma Pauperis* and Order for Amended Complaint at 3-4, Doc. 4, filed February 14, 2023 ("Order").

Plaintiff is proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915.  *See* Order at 2, 5. The statute governing proceedings *in forma pauperis* states "the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be

granted." 28 U.S.C. § 1915(e)(2); *see also Webb v. Caldwell*, 640 Fed.Appx. 800, 802 (10th Cir. 2016) ("We have held that a pro se complaint filed under a grant of *ifp* can be dismissed under § 1915(e)(2)(B)(ii) for failure to state a claim ... only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend"). Judge Ritter noted that: "While the Complaint can be dismissed under § 1915(e)(2)(B)(ii) for failure to state a claim, it is not obvious that it would be futile to give Plaintiff an opportunity to amend." Order at 4.

Judge Ritter ordered Plaintiff to file an amended complaint and notified Plaintiff that "[f]ailure to timely file an amended complaint may result in dismissal of this case." Order at 5. Judge Ritter also notified Plaintiff that:

> Generally, *pro se* litigants are held to the same standards of professional responsibility as trained attorneys. It is a *pro se* litigant's responsibility to become familiar with and to comply with the *Federal Rules of Civil Procedure* and the *Local Rules of the United States District Court for the District of New Mexico* (the "Local Rules").
>
> Guide for Pro Se Litigants at 4, United States District Court, District of New Mexico (November 2019). The Local Rules, the Guide for Pro Se Litigants and a link to the Federal Rules of Civil Procedure are available on the Court's website: http://www.nmd.uscourts.gov.

Order at 4-5. Plaintiff did not file an amended complaint by the March 7, 2023, deadline.

The Court dismisses this case because: (i) the Complaint fails to state a claim upon which relief can be granted for the reasons stated in Judge Ritter's Order; and (ii) Plaintiff did not file an amended complaint or otherwise respond to Judge Ritter's Order by the March 7, 2023, deadline.

**IT IS ORDERED** that this case is **DISMISSED without prejudice.**

_____
MATTHEW L. GARCIA
UNITED STATES DISTRICT JUDGE